[720 NYS2d 197]

In the Matter of STEPHEN D. SIEGFRIED (Admitted as STEPHEN DAVID SIEGFRIED), an Attorney, Resignor.

Second Department, February 13, 2001

### APPEARANCES OF COUNSEL

*Jerome Karp, P. C.,* Brooklyn, for resignor.

*Grace D. Moran,* Syosset, for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Stephen D. Siegfried has submitted an affidavit, dated November 14, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Siegfried was admitted to the practice of law at a term of the Ap-

pellate Division of the Supreme Court in the Second Judicial Department on June 29, 1964, under the name Stephen David Siegfried.

In his affidavit, Mr. Siegfried acknowledges that he is currently the subject of an investigation by the Grievance Committee into allegations of improprieties in his escrow account and an alleged insufficiency of funds on deposit in his escrow account. He further acknowledges that he cannot successfully defend himself on the merits against any disciplinary charges which might be initiated against him by the Grievance Committee based upon the facts and circumstances of professional misconduct outlined in his resignation.

Mr. Siegfried avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress. He has discussed his decision to resign with his attorney, whose advice and counsel he respects, and is fully aware of the implications of submitting his resignation, including the fact that he will be barred from seeking reinstatement for at least seven years.

Mr. Siegfried is further aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose moneys or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for such moneys. Mr. Siegfried avers that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

As the proffered resignation comports with all applicable Court rules and regulations, it is accepted, Mr. Siegfried is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, ACTING P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the resignation of Stephen D. Siegfried is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen D. Siegfried is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stephen D. Siegfried shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen D. Siegfried is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.